J. Raymond Amyot, J.
In this action for divorce sued on the grounds of the defendant’s adultery an affirmative defense is pleaded alleging that at places and dates unknown to the defendant the ¡plaintiff committed adultery with divers persons “ whose names are also presently unknown to the defendant.” In a bill of particulars, however, the defendant has named the movant herein as one .of the women with whom the plaintiff committed adultery. In some unexplained way this allegation has come to the attention of the lady named as adulteress, whereupon) she .engaged counsel who served on the attorney for the *614 defendant a notice of appearance and demand for “ a copy of the summons and complaint and all other papers and notices in this action ”. That demand has not been complied with and now more than 10 days since the service of the demand this motion is made on behalf of the accused lady for ‘ ‘ an Order granting that a judgment be filed in favor of Co-respondent and against Defendant pursuant to Section 172 of the Domestic Relations Law, and for such other and further relief as to the Court may be just, proper and equitable in the premises. ’ ’
The section of the Domestic Relations Law relied on by the movant provides: “ § 172. Co-respondent as party. 1. In an action brought to obtain a divorce on the ground of adultery the plaintiff or defendant may serve a copy of his pleading on a co-respondent named therein. At any time within twenty days after such service, the co-respondent may appear to defend such action so far as the issues affect him. If no such service be made, then at any time before the entry of judgment a co-respondent named in any of the pleadings may make a written demand on any party for a copy of a summons and a pleading served by such party, which must be served within ten days thereafter, and he may appear to defend such action so far as the issues affect him.”
By this section only a corespondent named in a pleading is protected. In this- motion under consideration the corespondent has been identified by the defendant in a bill of particulars.
Pleadings are defined by CPLR ,3011 as: § 3011. Kinds of pleadings. There shall be a complaint and an answer. An answer may include a counterclaim against a plaintiff and -a cross claim against a defendant. A defendant’s pleading against another claimant is an interpleader complaint, or against any other person not -already a party is a third-party complaint. There shall be a reply to a counterclaim denominated as such and an answer to a cross claim, interpleader complaint, or third-party complaint. There .shall be no -other pleading unless the court orders otherwise.
In its dry, sterile sense, that definition seems to preclude the relief -sought by the alleged adulteress but to so limit the provisions of the Domestic Relations Law under consideration would defeat its obvious purpose and the mischief intended to be prevented would be permitted. The section is designed to provide a procedure so that one accused of misconduct may be heard “ to defend such action so far as the issues affect him.” Its purpose would be frustrated if litigation could be so structured as to identify the corespondent yet deny to him the statu *615 tory right to defend. To hold that the corespondent is without recourse simply because the finger of shame is pointed from the bill of particulars rather than having been boldly directed in the answer itself, which the bill is designed to amplify and explain, is to ignore the realities of litigation.
A plaintiff who sues for divorce on the ground of the defendant’s adultery may rely on a course of conduct but if particulars of the acts of adultery are demanded, the facts constituting the conduct must be set out. (Stahl v. Stahl, 18 A D 2d 1073.) There is no sound reason why the nonparty named in the bill of particulars as an active participating wrongdoer should not be entitled to “defend such action so far as the issues affect him.” He may elect to ignore the accusations but if he opts to litigate, his right to defend his good name should not be preserved or extinguished depending upon which document is employed as the repository of the charge.
The interests of justice compel that the named corespondent is entitled to the relief authorized by section 172 of the Domestic Relations Law and the motion to that extent is granted. In her supporting papers the applicant asks that the defendant be precluded from proving the alleged misconduct of plaintiff and the corespondent if the pleadings demanded are not served, but there is no authority for granting such relief. The only effect of the determination here is to compel the defendant to make service as contemplated by the section.